IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS A. HIGHTOWER,

      Plaintiff,                    No. CIV 06-2941 ALA P

  vs.

CALIFORNIA SUPREME COURT, et al.,

      Defendants.             <u>ORDER</u>

_____/

      On December 29, 2006 Thomas A. Hightower, a pro se plaintiff seeking to proceed in forma pauperis, filed a document in this Court entitled "Petition for Writ of Mandamus Directing State Court[s] to Honor United States Supreme Court's 'Prison Mailbox Rules' 'Liberal Construing'" (hereinafter, "Petition for Mandamus"). In the Petition for Mandamus, Mr. Hightower asks this Court to (1) order the Alameda County Superior Court to reverse its grant of

1

a demurrer in a state court action filed by Mr. Hightower; (2) order the Second Appellate Division of the California Court of Appeal to accept a petition for rehearing filed by Mr. Hightower, which the Second Appellate Division previously rejected as untimely; and (3) order the California Supreme Court to reverse its prior order denying Mr. Hightower's request for relief from default. Petition for Mandamus at 17-18. Because this Court may not act as an appellate court with respect to final decisions issued by the California courts, *Allah v. Superior Court*, 871 F.2d 887, 890 (9th Cir. 1988), this Court lacks subject matter jurisdiction to consider Mr. Hightower's Petition for Mandamus. The Court therefore dismisses his action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.   Facts**

In late 2003 or early 2004,[1] Mr. Hightower filed an action in Sacramento Superior Court against the Roman Catholic Bishop of Sacramento ("Bishop"), seeking damages for childhood sexual abuse. His damages action was consolidated with other similar proceedings in the Alameda County Superior Court. The Bishop subsequently demurred to Mr. Hightower's complaint on the ground that it was time-barred, and the Alameda County Superior Court granted the demurrer and dismissed Mr. Hightower's action. The California Court of Appeal affirmed the dismissal in a published opinion on August 31, 2006. *See Hightower v. Roman Catholic Bishop of Sacramento*, 142 Cal. App. 4th 759 (2006).

The California Court of Appeal granted Mr. Hightower an extension of time, until October 2, 2006, to file a petition for rehearing. Mr. Hightower, however, did not file his petition for rehearing until October 5, 2006. Consequently, the Court of Appeal clerk rejected the petition as untimely filed. Mr. Hightower then filed a petition for review in the California Supreme Court. Therein, he requested that the California Supreme Court order the Court of

---

[1] Precisely when Mr. Hightower filed his complaint in the Sacramento Superior Court, and what documents constitute the complaint, have already been the subjects of much dispute in Mr. Hightower's state court action. This Court will not attempt to resolve those questions because, as explained herein, this Court lacks subject-matter jurisdiction to consider Mr. Hightower's Petition for Mandamus.

1 Appeal clerk to accept his petition for rehearing on the basis of the "prison mailbox rule." He
2 states, however, that the California Supreme Court clerk "refused to file" his petition. Petition
3 for Mandamus at 7. Mr. Hightower then retained counsel, who filed a request for relief from
4 default and a second petition for review on his behalf in the California Supreme Court. The
5 California Supreme Court denied the request for relief from default and refused to consider the
6 petition for review. Mr. Hightower then filed the Petition for Mandamus in this Court *pro se*.
7 He seeks reversal of the California courts' dismissal of his action, and an order that the
8 California courts grant his petition for rehearing and request for relief from default.

## II.    Dismissal for Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction to entertain Mr. Hightower's requests. "As courts of original jurisdiction . . . [district courts] do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." *Allah*, 871 F.2d at 890 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)) (federal district court lacked jurisdiction to review a final decision of the Los Angeles Superior Court dismissing plaintiff's personal injury action because of plaintiff's failure to comply with a discovery order). *See also Atlantic C.L.R. Co. v. Engineers*, 398 U.S. 281, 296 (1970) (stating that "lower federal courts possess no power whatever to sit in direct review of state court decisions."); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (district court properly denied plaintiff's "petition for writ of mandamus," which asked the district court to direct the Oklahoma Court of Criminal Appeals to rule on plaintiff's pending state habeas matter, because the district court "lacked jurisdiction to direct a state court to perform its duty.")

Mr. Hightower's Petition for Mandamus asks this Court to re-examine and reverse the final determinations of the Alameda County Superior Court and the California Court of Appeal that his state court action is time-barred, to reverse the determinations by the California Court of Appeal and California Supreme Court that his petition for reconsideration was untimely filed, and to reverse the California Supreme Court's order denying his request for relief from default. In other words, it "request[s] [that] [this] court . . . conduct a direct review of the state court[s'] judgment[s] and . . .scrutinize the state court[s'] application of various rules and procedures

1  pertaining to his case." *Allah*, 871 F.2d at 891.  For that reason, the Court "lack[s] subject

2  matter jurisdiction over his complaint." *Id.* at 891.  "The proper court in which to obtain a direct

3  review of state-court determinations is the United States Supreme Court." *Id.*

4      Where, as here, a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the

5  case at any time if the court determines that . . . the action . . . is frivolous."  28 U.S.C. §

6  1915(e)(2)(B)(i).  A plaintiff's complaint "is frivolous where it lacks an arguable basis either in

7  law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (9th Cir. 1989).  Frivolousness may arise

8  from matters other than the merits of the complaint, such as a plainly apparent statute of

9  limitations bar, *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992), or a lack of jurisdiction, *In re*

10 *Siemon*, 421 F.3d 167 (2nd Cir. 2005).  Mr. Hightower's action is frivolous under §

11 1915(e)(2)(B)(i) because this Court clearly lacks subject matter jurisdiction over it.

12     Therefore, IT IS HEREBY ORDERED that:

13     1. Petitioner's petition for Mandamus is dismissed with prejudice and without

14 leave to amend; and

15     2. Petitioner's request for leave to proceed in forma pauperis is denied.

17 DATED: August 3, 2007

19     /s/ Arthur L. Alarcón  
    UNITED STATES CIRCUIT JUDGE  
    Sitting by Designation